

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
T 212.307.5500　F 212.307.5598　www.Venable.com

Edward P. Boyle

T **212.808.5675**
F **212.307.5598**
epboyle@venable.com

July 20, 2017

**By ECF**

The Honorable Brian M. Cogan
District Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Luib v. Henkel Consumer Goods, Inc.*, No. 1:17-cv-03021-BMC (E.D.N.Y.)

Dear Judge Cogan:

      The undersigned represent plaintiff Tony Luib ("Plaintiff") and defendant Henkel Consumer Goods, Inc. ("Henkel") in the action referenced above. An Initial Status Conference is scheduled in this action for July 25, 2017 at 10 a.m. (the "Conference," Dkt. No. 4; Minute Order Granting Motion to Adjourn, dated June 29, 2017). Pursuant to the Court's Mandatory Requirements for Initial Status Conference (the "Conference Order," Dkt. No. 4), we jointly submit this letter to provide a brief description of the case, including the factual allegations, the grounds for jurisdiction, the legal basis for the claims and defenses, and the contemplated motions. The parties also respectfully request that the Court re-categorize this action as complex to allow for more time for discovery, for the reasons set forth in Section V below.

      **I.**    **Factual Allegations**

      In this putative class action, Plaintiff, a New York resident, seeks to represent a class of all people in the United States and New York who have purchased Henkel's Purex Natural Elements Laundry Detergent Linen & Lilies Scent, Purex Natural Elements Laundry Detergent Lilac & White Lavender Scent, and Purex Natural Elements Laundry Detergent Tropical Splash Scent (collectively, the "Products"). *See* Class Action Complaint, filed May 19, 2017 (the "Complaint") ¶¶ 1, 8. In essence, the Complaint alleges that the statement "Natural Elements" on the Products' labels is deceptive and misleading because a reasonable consumer would believe the Products do not contain artificial or synthetic ingredients, when in fact some of the ingredients are artificial and synthetic. *See id.* ¶¶ 2, 9, 18. As damages, the Complaint alleges that Plaintiff and the purported class members paid a premium for the Products in reliance on the



Hon. Brian M. Cogan
July 20, 2017
Page 2

"Natural Elements" statement, and would not have purchased the Products otherwise. *See id.* ¶¶ 3, 9, 26.

Based on these allegations, the Complaint asserts causes of action against Henkel for (i) violations of New York General Business Law §§ 349 and 350, *see id.* ¶¶ 42-64; (ii) violation of various states' consumer protection statutes, *see id.* ¶¶ 65-74; (iii) breach of express warranty under various states' statutes, *see id.* ¶¶ 75-83; (iv) breach of implied warranty of merchantability, *see id.* ¶¶ 84-89; and (v) breach of implied warranty of fitness for a particular purpose. *See id.* ¶¶ 90-96.

Plaintiff seeks injunctive relief, monetary and compensatory damages, punitive and special damages including treble damages, restitution, disgorgement, attorneys' fees, and costs and expenses. *See id.* ¶¶ 39-41, 44, 52, 64, 74, 83, 89, 96, & prayer for relief (b)-(e).

## II.   Grounds for Jurisdiction

The Complaint asserts jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because there is minimal diversity of the parties, the alleged amount in controversy exceeds $5,000,000, and the purported class includes "thousands of consumers." *See* Compl. ¶¶ 5, 8, 10, 32. Plaintiff is a citizen of New York, and Henkel is a Delaware corporation with its principal place of business in Scottsdale, Arizona. *Id.*

## III.   Plaintiff's Summary of the Legal Basis for His Claims

Plaintiff's claims are premised upon allegedly deceptive and misleading statements made by defendant Henkel in the marketing of its Products. Plaintiff's case is similar to a number of actions based upon allegedly deceptive and misleading use of the term natural to market household products and foods. *See e.g. Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F.Supp.3d 467 (S.D.N.Y. 2014).

## IV.   Henkel's Summary of the Legal Basis for Its Defenses

Henkel was served with the complaint on June 14, 2017, and counsel's investigation into the allegations is still in its preliminary stage. Without waiving its right to raise additional defenses, Henkel identifies the following defenses:

- Plaintiff's claims should be dismissed because the Complaint fails to allege facts showing that "Natural Elements" is untrue. The plain meaning of "Natural Elements" is that the Products contains some natural ingredients. This is a true statement. The Complaint does not allege that the Products contain only synthetic and artificial ingredients. *See Mantikas v. Kellogg Co.*, No. 16-cv-2552 (SJF)(AYS), 2017 WL 2371183, at *4 (E.D.N.Y. May 31, 2017) (dismissing New



Hon. Brian M. Cogan
July 20, 2017
Page 3

> York and California consumer protection claims under Rule 12(b)(6) because the terms "whole grain" and "made with whole grain," when considered in the entire context of the product's packaging, would neither mislead nor deceive a reasonable consumer because they were "factually accurate statements").

- Plaintiff's theory that a reasonable consumer would believe "Natural Elements" to mean the products contain no artificial or synthetic ingredients is contrary to the plain meaning of the words used. Plaintiff's conclusory allegations about what a reasonable consumer would believe is not supported by any allegations of fact, and should not be given any weight on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" so that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and also noting that "only a complaint that states a plausible claim for relief survives a motion to dismiss") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

- Claims arising under the laws of any state other than New York should be dismissed because the Complaint does not allege that Plaintiff has purchased the Product anywhere other than New York.

- Claims for injunctive relief should be dismissed because Plaintiff has not alleged any risk of future harm.

- Claims for breach of implied warranty should be dismissed for failure to allege the required privity between Henkel and Plaintiff.

- Plaintiff has not suffered damages because there is no price premium associated with the Products.

- Certification of a damages class is inappropriate because, among other things, individualized issues of fact and law predominate over common issues. For example, class claims could not succeed unless Plaintiff demonstrated that each putative class member believed "Natural Elements" meant that the Product did not contain any artificial or synthetic ingredients.

### V. Anticipated Motions

The parties have stipulated that Henkel's time to answer, move against, or otherwise respond to the Complaint shall be September 8, 2017. On or before that date, Henkel intends to



Hon. Brian M. Cogan
July 20, 2017
Page 4

file a letter motion requesting a pre-motion conference in order to move to dismiss the Complaint in its entirety for failure to state a cause of action, pursuant to Fed. R. Civ. P. Rule 12(b)(6).

Henkel also plans to request that the pre-motion conference address a motion to stay discovery pending resolution of the motion to dismiss. Pursuant to Local Rule 37.3(a), Henkel has conferred with Plaintiff's counsel of record and has asked them to consent to such a stay. Plaintiff's counsel responded that they will not agree to a stay.

In addition, the parties respectfully request that the Court re-categorize the action as complex and allow for longer periods of time to conduct discovery. This case is complex: Plaintiff seeks to assert claims on behalf of State-wide and nationwide classes. The fact and expert discovery required will address not just the merits of Plaintiff's claims and Henkel's defenses, but also the relevant elements of class certification under Fed. R. Civ. P. 23. Among other things, the Complaint alleges that Plaintiff intends to prove his claims, and meet some of the Rule 23 elements, through surveys and market research. *See* Compl. ¶ 20 ("Surveys and other market research, including expert testimony Plaintiff intends to introduce, will demonstrate that the term 'natural' is misleading to a reasonable consumer . . . ."). We respectfully submit that a period of eight months for fact discovery is more appropriate to this case.

We appreciate the Court's consideration.

Respectfully,

Michael R. Reese
*Counsel for Plaintiff*

Edward P. Boyle
*Counsel for Defendant*