UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
TONY LUIB, individually and on behalf of :
himself and all others similarly situated, :
 :
                                 Plaintiff, : **MEMORANDUM DECISION AND**
 : **ORDER**
                          - against - :
 :
HENKEL CONSUMER GOODS INC., : 17-cv-03021 (BMC)
 :
                            Defendant. :
 :
----------------------------------------------------------- X

**COGAN,** District Judge.

      Plaintiff, a consumer, brings this suit on behalf of himself and a class against Henkel Consumer Goods Inc. ("Henkel"), alleging that defendant manufactures clothing detergents (the "Products") with a misleading label, which he claims suggests that they contain only natural elements. Plaintiff brings claims under New York General Business Law Section 349 ("GBL § 349"), New York General Business Law Section 350 ("GBL § 350"), and state consumer protection statutes in all 50 states. Plaintiff also asserts state law violations for breach of express warranty.[1] Plaintiff seeks damages and injunctive relief.

      At a conference to discuss defendant's planned motion to dismiss, the Court ordered defendant to produce factual material concerning the composition of the Products and to then file a motion for summary judgment. Defendant has filed its motion and plaintiff opposed, also seeking summary judgment in his favor. For the reasons discussed below, both motions are denied.

---

[1] Plaintiff has abandoned his claims for breach of implied warranty of merchantability and fitness for a particular purpose.

**BACKGROUND**

Defendant manufactures the Purex brand of laundry detergents. An important component of laundry detergents are surfactants – cleaning agents that remove dirt and oils from clothing and fabrics. Many commercially available surfactants are petroleum-based, but the main surfactant used in the Products is plant based – alcohol ethoxyl sulfate ("AES"). AES is made from alcohols derived from coconut oil and palm kernel oil. These alcohols are then converted into a surfactant by adding compounds to the original molecules, yielding AES that is a mix of natural and synthetic on the molecular level. Defendant accordingly distinguishes the Products from those detergents it manufacturers with petroleum-based surfactants by affixing the Products with a label stating "Natural Elements."

Plaintiff alleges that he purchased one of the Purex detergents because the "Natural Elements" label led him to believe that it did not contain any synthetic ingredients. The Products' labels prominently display "Natural Elements," but do not specify the proportion of natural ingredients, by, for example stating "all natural" or "100% natural." The phrase "Natural Elements" is not qualified in any way. The labels also display a warning reading, "CAUTION: IRRITANT. MAY BE HARMFUL IF SWALLOWED." Additionally, the labels direct consumers to "Read Cautions on Back." The back labels disclose ingredients including Sodium Polyacrylate and Distyrylbiphenyl Disulfonate.

The Products are comprised of approximately a dozen ingredients, including water, which constitutes a majority of the weight of the detergent formula. If water is counted as a natural ingredient, the Products consist almost entirely of natural ingredients by weight. If water is excluded from the calculation, the Products consist of a little more than half natural ingredients by weight.

Defendants describe water as having a critical role in the Products, because it "enables the surfactants to lift stains from fabrics." Plaintiff, on the other hand, minimizes the significance of water as an ingredient, stating that "as water is found in practically all products and things . . . water's mere use as an ingredient does not turn a product into a 'natural' product." Plaintiff also states that water "is part of natural and synthetic materials alike."

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the . . . pleading, but the adverse party's response, by affidavits or as otherwise provided in [Federal Rule of Civil Procedure 56(e)], must set forth specific facts showing that there is a genuine issue for trial." St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir.2000) (quoting Fed.R.Civ.P. 56(e)). To defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. West-Fair Elec. Contractors v. Aetna Cas. & Surety Co., 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012). As a result, "[w]here no rational finder of fact could find in favor of the nonmoving party because the evidence to support

its case is so slight, summary judgment must be granted." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted). However, it is well settled that on a motion for summary judgment, the court must "construe the evidence in the light most favorable to the non-moving party." Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir.1999). At summary judgment, "the court's review of the record is limited to facts that would be admissible at trial." Melini v. 71st Lexington Corp., No. 07 CIV. 701, 2009 WL 413608, at *3 (S.D.N.Y. Feb. 13, 2009).

Plaintiff alleges violations of GBL §§ 349 and 350, "which prohibit deceptive acts or practices and false advertising in the conduct of any business, trade, or commerce in New York." Bowring v. Sapporo U.S.A., Inc., 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017) (internal quotations omitted). "To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (internal quotations omitted).

The record contains several genuine issues of material fact. Whether or not the "Natural Elements" label is materially misleading turns on whether a factfinder determines that a reasonable person would be misled by this label into thinking that the Products contain no synthetic elements. That, in turn, depends in part on whether a factfinder thinks it is reasonable to consider water as a "natural element." I cannot say that it would unreasonable as a matter of law for a factfinder to come out one way or the other on this issue, and thus the inquiry is a factual one.

## CONCLUSION

Both motions for summary judgment are denied. The parties are to submit a proposed discovery and class certification motion schedule within fourteen days of the date of this order.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      February 5, 2018