UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY LUIB, individually on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>HENKEL CONSUMER GOODS INC.<br><br>*Defendant.* | Case No.: 1:17-cv-03021-BMC |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES TO CLASS COUNSEL AND INCENTIVE AWARD TO THE CLASS REPRESENTATIVE**

Plaintiff Tony Luib ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits this supplemental memorandum in Support of Plaintiff's Motions for Final Approval of Class Action Settlement and for Award of Attorneys' Fees and Reimbursement of Litigation Expenses to Class Counsel and Incentive Award to the Class Representative (the "Motions").

As detailed in the Second Supplemental Declaration of Cameron R. Azari, Esq. on Settlement Notice Plan, attached as Exhibit A,[1] as of August 9, 2019, the Claims Administrator it has received 218,762 claims. *See id.*, ¶ 13. Additionally, neither the Parties nor the Claims Administrator have received any objections to any aspect of the settlement, and only one request to be excluded from the settlement. *See id.*, ¶ 12. A complete lack of objections strongly supports final approval of the Settlement. *See, e.g., Fleisher v. Phx. Life Ins. Co.*, Civil Action No. 11-cv-

---

[1] The Claims Administrator submits this declaration as required by paragraph 17.f of the Court's Preliminary Approval Order. *See* ECF No. 55.

1

8405 (CM), 2015 U.S. Dist. LEXIS 121574, at *23 (S.D.N.Y. Sep. 9, 2015) (absence of objections "may itself be taken as evidencing the fairness of a settlement.") (internal quotations omitted).

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motions.

Dated:  August 9, 2019

By: /s/ Michael Liskow

**THE SULTZER LAW GROUP, P.C.**
Jason P. Sultzer
Adam R. Gonnelli
Michael Liskow
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
*sultzerj@thesultzerlawgroup.com*
*gonnellia@thesultzerlawgroup.com*
*liskowm@thesultzerlawgroup.com*

**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*

**HALUNEN LAW**
Christopher Moreland
1650 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099
*moreland@halunenlaw.com*

*Counsel for Plaintiff and the Class*

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TONY LUIB, individually and on behalf        :
of himself and all others similarly          :       Case No. 17-cv-03021 (BMC)
situated,                                    :
                                             :
                Plaintiff,          :
                                             :
           - against -                 :
                                             :
HENKEL CONSUMER GOODS INC.,                  :
                                             :
                Defendant.          :
-----------------------------------------------------------X

## SECOND SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

I, Cameron Azari, declare as follows:

1. My name is Cameron R. Azari, Esq. I am over the age of twenty-one, I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice, and I have served as a legal notice expert in dozens of federal and state cases involving class action notice plans.

3. I am the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans. Hilsoft has been involved with some of the most complex and significant notices and notice programs in recent history. Hilsoft is a business unit of Epiq Systems Class Action & Claims Solutions, Inc. ("Epiq"). I executed two previous declarations in this matter: my July 8, 2019 *Supplemental Declaration of Cameron R. Azari, Esq. on Settlement Notice Plan*, in which I detailed the successful implementation of the Notice Plan and provided administration statistics; and my February 28, 2019 *Declaration of Cameron R. Azari, Esq. on Settlement Notice Plan*, which outlined my experience and detailed the proposed notice plan in this matter.

4. The facts in this declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Hilsoft and Epiq, who worked with us to implement the notification effort.

5. This declaration provides updated administration statistics following the implementation of the Notice Plan here for the parties' Settlement in *Luib v. Henkel Consumer Goods Inc.*, Case No. 17-cv-03021, pending in the United States District Court for the Eastern District of New York.

## NOTICE PLAN
### *Individual Notice*

6. As I previously stated in my declaration dated July 8, 2019, Epiq disseminated 141 Summary Email Notices on April 12, 2019, to all potential Settlement Class Members for whom a facially valid email address was available. At the end of the initial Email Notice effort, 18 emails remained undeliverable. On April 12, 2019, Epiq also mailed 164 Summary Postcard Notices via USPS first class mail to known or potential Settlement Class Members with no associated email address. As of August 9, 2019, only two Postcard Notices were returned as undeliverable. Additionally, a Long Form Notice and a paper Claim Form were mailed via USPS first class mail to all persons who requested one via the toll-free phone number. As of August 9, 2019, 79 Long Form Notices and Claim Forms have been mailed as a result of such requests.

### *Media Notice*

7. Since identifying data and contact information was not available for the majority of the Settlement Class, an extensive paid online media plan was implemented that reached approximately 71.8% of potential Settlement Class Members (defined for media measurement purposes as "adults aged 18 years old and older who have purchased environmentally-friendly

household cleaners"). Banner notices were placed online across the popular display ad networks *Google Doubleclick* and *Sizmek* and appeared on thousands of websites including Goodhousekeeping.com, HGTV.com, Weather.com, and Everydayfamily.com. The banner notices were targeted to adults 18+ in the U.S. who have purchased environmentally-friendly household cleaners. Banner notices were also placed on *Google Display Network's Affinity Audience* targeted to shoppers. In addition, banner notices were placed on *Facebook*, targeted to adults 18+ and to adults 18+ who identified an interest in Purex and "natural" products, and on *Instagram*, targeted to users who identified an interest in Purex products. Combined, approximately 416 million adult impressions were generated by the banner notices. An informational release was also issued.

### Internet Sponsored Search Listings

8. To facilitate potential Settlement Class Members' ability to locate the case settlement website, sponsored search listings were acquired on the three most highly-visited internet search engines: *Google*, *Yahoo!*, and *Bing*. The sponsored search listings ran through the July 22, 2019 exclusion and objection deadlines. As of July 22, 2019, the sponsored listings had been displayed 449,708 times, resulting in 4,461 clicks that displayed the Settlement Website.

### Case Website, Toll-free Telephone Number, and Postal and Email Mailing Addresses

9. The dedicated website for the Settlement (www.LaundryDetergentSettlement.com) continues to be available 24 hours per day, 7 days per week. As of August 9, 2019, the Settlement Website had hosted 562,651 user sessions with 2,382,515 page hits.

10. The toll-free number (1-877-291-9488) established to allow Class Members to call and get information about the Settlement in the form of recorded answers to Frequently Asked

Questions continues to be available 24 hours per day, 7 days per week.  As of August 98, 2019, the toll-free number had handled 232 calls representing 616 minutes of use.

11.     The post office box and email inbox established to receive correspondence about the Settlement continue to be available to allow Settlement Class Members to contact the Settlement Administrator by mail and/or email with any specific requests or questions, including requests for exclusion.   As of August 9, 2019, Epiq had received 21 pieces of correspondence by mail and 8,566 emails.

### *Exclusions and Objections*

12.     The deadline to request exclusion from the Settlement or to object to the Settlement was July 22, 2019.  As of August 9, 2019, Epiq had received one request for exclusion from the Settlement Class.  An Exclusion Report (listing that one request) is included as **Attachment 1**.  I am aware of no objections to the Settlement at the time of this declaration.

### *Status of Claims Process*

13.     As of August 9, 2019, Epiq had received 218,762 claims (218,381 online and 381 paper).  With an August 10, 2019 claim filing deadline, these numbers are preliminary because additional claims will be received and all claims are pending a complete review and audit by Epiq.  There is a high likelihood that, after a detailed review, the total number of valid claims will reduce from the total reported above, due to duplicative, withdrawn, or denied claims.

14.     In accordance with Court's Order Granting Preliminary Approval of Settlement, Approval of Form Notice, and Scheduling of Final Approval Hearing, as well as the Class Settlement Agreement, Epiq will continue administering claims made through the August 10, 2019 deadline.  If the Court finally approves the Settlement, Epiq will cause all electronic and

hard copy Claims to be processed, reviewed, and de-duplicated prior to preparing the finalized Distribution List. Once the finalized Distribution List has been prepared, Epiq will issue traditional bank checks to Claimants at the addresses that the Claimants provided during the claims process. In an effort to ensure that the checks will reach the intended Claimant, any checks returned as undeliverable by the USPS will be re-mailed to a forwarding address if one is available. Any checks that are returned as undeliverable by the USPS without a forwarding address will be subject to address verification searches ("skip tracing"), utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses. Checks will then be re-mailed to updated addresses located through skip tracing. After the completion of the distribution process, a final Distribution Report will be provided to the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 9, 2019, at Beaverton, Oregon.

_____
Cameron R. Azari

# Attachment 1

**Luib v. Henkel Consumer Goods Inc.,**
**Case Number: 1:17-cv-03021-BMC**
**Opt-Out Report**
**August 6, 2019**

| Tracking Number | Name | City | State | Zipcode |
|---|---|---|---|---|
| 116848 | Willis Johnson | Lithonia | GA | 30058 |