UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY LUIB, *individually on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>– against –<br><br>HENKEL CONSUMER GOODS INC.,<br><br>Defendant. | No. 1:17-cv-03021-BMC<br><br>**FINAL APROVAL ORDER AND JUDGMENT** |

On March 11, 2019, this Court granted the motion of Plaintiff Tony Luib ("Plaintiff") for preliminary approval of the Settlement Agreement[1] and certification of the Settlement Class (as defined below. *See* ECF No. 55.

Commencing on April 11, 2019 pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Epiq Class Action & Claims Solutions, Inc. (the "Settlement Administrator") began providing notice to Settlement Class Members in compliance with Exhibit C to the Settlement Agreement and the Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

(d) provided the time, date, and place of the Final Approval Hearing.

On August 19, 2019, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court reviewed (a) the Motion for Final Approval (the "Motion") and all supporting materials, including but not limited to the Settlement Agreement; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated over a period of several months at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All

Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5. No objections to the Settlement were filed by Settlement Class Members. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Attached hereto as Exhibit A is a list of persons who made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

**CERTIFICATION OF THE SETTLEMENT CLASS**

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All persons and entities that, from May 19, 2013 to March 8, 2019, both resided in the United States (defined to include both states and territories of the United States) and purchased any of the Products in the United States.

The Settlement Class specifically excludes: (a) Henkel's officers, directors, employees and attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (ECF No. 55) regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiff Tony Luib as the Class Representative and concludes that he has fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of Jason P. Sultzer of The Sultzer Law Group P.C.; Michael R. Reese of Reese, LLP; and Christopher J. Moreland of Halunen Law as counsel for the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Settlement Class described above is certified solely for the purpose of the settlement described in the Settlement Agreement. The Court finds and orders that Henkel has not conceded that this Action or any similar case is amenable to class certification for purposes of litigation, and orders that nothing in this Final Order or in the Settlement Agreement shall prevent Henkel or Plaintiff from opposing or supporting class certification, or seeking decertification, if this Final Order approving the Settlement Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

## NOTICE TO THE CLASS

12.     The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13.     The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

## ATTORNEYS' FEES AND COSTS, INCENTIVE AWARD

14.     The Court awards Class Counsel $ 495,000.00 in fees and reimbursement of $ 10,861.21 in expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Qualified Settlement Fund pursuant to the procedures in Sections 4.1 and 8.1 of the Settlement Agreement.

15.     The Court awards Class Representative Tony Luib $ 7,500.00 as an Incentive Award. The Court finds this amount is justified by Plaintiff's service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Sections 4.1 and 8.4 of the Settlement Agreement.

**RELEASES**

16. The Court releases and forever discharges the Released Persons from each of the Released Claims, as provided in the Settlement Agreement. The Releasors are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action involving the advertising, labeling, and marketing of the Products as set forth herein. The full terms of the release described in this paragraph are set forth in Sections 2.28–2.29, 4.1(e), 6.4, 7.1–7.4, and 10.14 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Plaintiff and each Settlement Class Member are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code § 1542.

**OTHER PROVISIONS**

17. Pursuant to Section 4.1 of the Settlement Agreement, the Settlement Funds, consisting of one million five hundred thousand dollars and no cents ($1,500,000.00), shall be used to pay (a) any necessary taxes and expenses; (b) all costs and expenses associated with disseminating notice to the Settlement Class, including but not limited to, the Class Notice and

summary Settlement Notice; (c) all costs and expenses associated with the administration of the Settlement, including but not limited to, processing claims and fees of the Class Action Settlement Administrator; (d) the Attorneys' Fees and Expenses Award to Class Counsel; (e) the Class Representative's Incentive Award; (f) cash payments distributed to Claimants who have submitted timely, valid, and approved Claims in accordance with the Settlement Agreement; and (g) the Residual Funds, if any, pursuant to Section 4.5(c) of the Settlement Agreement. Henkel's capped payment of a total of $1,500,000 (inclusive of amounts already paid for class notice and administration costs), reflects the sum total of its monetary obligations under this settlement, including for the attorneys' fees, service awards, and other amounts described in this Final Approval Order.

18. If any money remains in the Settlement Fund after the payments described herein in Paragraph 17, the Court directs the Parties and the Claims Administrator to distribute all such Residual Funds to Consumer Reports as the *cy pres* recipient. Consumer Reports' mission includes working to create "a fair, just, and safe marketplace for all consumers and to empower consumers to protect themselves." Accordingly, Consumer Reports meets the requirement that a *cy pres* recipient reasonably approximate the interests of the class.

19. Subject to the terms and conditions of the Settlement Agreement, the Court enters an injunction against Henkel requiring it to comply with the requirements in Paragraphs 4.6 and 4.7 of the Settlement Agreement.

20. The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Henkel of: (a) liability, fault, wrongdoing, or violation of any law, (b) the validity

or certifiability for litigation purposes of the Settlement Class, (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action, or (d) the infirmity of any defenses to Plaintiff's claims or allegations.

21.     The Settlement Agreement and this Final Approval Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order may be filed in any action by Henkel or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order. This Final Approval Order and the Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

22.     The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

23.     Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

24.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED this** 19 **day of** August **, 2019:**

_____
Honorable Brian M. Cogan
United States District Judge

9

# **EXHIBIT A**



**Luib v. Henkel Consumer Goods Inc.,**
**Case Number: 1:17-cv-03021-BMC**
**Opt-Out Report**
**August 6, 2019**

| Tracking Number | Name | City | State | Zipcode |
|---|---|---|---|---|
| 116848 | Willis Johnson | Lithonia | GA | 30058 |